UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
CLOVIS ALFRED,

                           Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER MOHAMMED ARYAKIA and POLICE OFFICER JOHN DOE,

                        Defendants.
-------------------------------------------------------------------------X

Index No.:

**COMPLAINT AND JURY DEMAND**

## INTRODUCTORY STATEMENT

1.    The plaintiff, CLOVIS ALFRED, brings this action under 42 U.S.C. Sec. 1983 and related state laws seeking compensatory and punitive damages and attorneys fees under 42 U.S.C. Sec. 1988 for the defendants' violation of their rights afforded by the United States and New York Constitutions and under the laws of the State of New York.

2.    Defendants, THE CITY OF NEW YORK, POLICE OFFICER MOHAMMED ARYAKIA and POLICE OFFICER JOHN DOE being employees of the New York City Police Department, respectively, violated plaintiff's civil rights without just and probable cause, causing him emotional and economic loss.

## JURISDICTION

3.    The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sec. 1983 pursuant to 28 U.S.C. Sec. 1331 and Sec. 1342(3).

## PARTIES

4.    Plaintiff is a resident of the County of New York, State of New York.

5.    Defendant THE CITY OF NEW YORK is a municipal corporation duly organized and existing under and by the virtue of the laws of the State of New York, and as such is responsible for practices, policies and customs of the New York City Police Department, as

well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

6. That prior to commencement of this action and within 90 days of occurrence herein, on February 14, 2014, plaintiff served a Notice of Claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

7. That a hearing was held pursuant to Section 50(h) of the General Municipal Law on April 28, 2014, and this case has not been settled or adjusted.

8. That this action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiff's injuries and plaintiff has complied with all of the prerequisites for bringing this action.

9. Defendants POLICE OFFICER MOHAMMED ARYAKIA and POLICE OFFICER JOHN DOE, are being sued herein both in their individual and official capacities, are and were at all times hereinafter mentioned, and particularly on or about November 22, 2013, employed by the New York City Police Department.

10. Defendants were at all times acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

## FACTUAL ALLEGATIONS

11. On or about November 22, 2013, at approximately 12:00 p.m., the plaintiff Clovis Alfred was placed under arrest by defendants POLICE OFFICER MOHAMMED ARYAKIA (herein after referred to as "ARYAKIA") and POLICE OFFICER JOHN DOE (hereinafter referred to as "DOE") on the corner of Broadway and Chambers Street, New York, New York.

12. Once under arrest, the plaintiff was handcuffed with his arms behind his back and placed into a marked police van.

13. Once inside of the police vehicle, the plaintiff repeatedly complained to defendants Aryakia and Doe that the handcuffs were too tight and were causing him to have shoulder pain.

14. The plaintiff's complaints were ignored and he was left inside of the police vehicle handcuffed in the same manner for approximately five (5) hours as defendants Aryakia and Doe drove.

15. At no point in the five (5) hour period did defendants adjust the plaintiff's handcuffs.

16. The plaintiff was taken to police precinct where he was process, fingerprinted, photographed and given a Desk Appearance Ticket.

17. While at the precinct, the plaintiff continued to complain about shoulder pain and his pleas for medical assistance was ignored.

18. For approximately three (3) weeks after the arrest, the plaintiff continued to have shoulder pain. As such he sought medical attention at North Central Hospital and was informed that he suffered a rotator cuff tear.

19. The plaintiff attended physical therapy for approximately one month without relief and subsequently underwent shoulder surgery on May 7, 2014.

## AS AND FOR A FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS

20. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

21. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to them under the Constitution and laws of New York and the United States, including, but not limited to his rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. 1983 to be secure in their person, to be free from unreasonable searches and seizures, to be free from excessive force without due process and to equal protection of the laws.

22. That by reason of the foregoing, the plaintiff CLOVIS ALFRED was caused to sustain serious injuries and to suffer pain, shock, and mental anguish; these injuries and their effects will be permanent; as a result of said injuries the plaintiff has been caused to incur and will continue to incur expense relative to his injuries.

23. As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

### AS AND FOR A SECOND CAUSE OF ACTION – NEGLIGENCE

24. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. That the defendants, their agents, servants or employees acted negligently, carelessly and recklessly in arresting, holding, and transporting the plaintiff.

26. That as a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

27. That as a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdictional amount of the lower courts from all defendants.

WHEREFORE, plaintiff CLOVIS ALFRED demands damages in an amount that exceeds the minimal jurisdictional amount of the lower courts from all defendants in his cause of action along with punitive damages and attorney's fees, together with the costs and disbursements of this action.

Dated: New York, New York
      July 23, 2014

*(signature)*

Michael B. Ronemus (4999)
**RONEMUS & VILENSKY**
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070